# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DERON DARNELL LOVE,

          Plaintiff,

v.

ANDREW J. TOLLE, CPT KYLE
TRITT, MELODY MILLER,
CLAYTON HOUSLER, WARDEN
MLODZIK, KODJO AHAINGBAN,
CAPT BAUZEK, SGT POTVIK,
NURSE BRENDA, KATRINA
MAYNIK, JILL WENZEL, HSU
MANG, MS PITCHFORD, NURSE
MEGAN, DR FELIZ, TONYA
SCHETTER, CO LLAMAS, CO PESH,
and CO VANCE,

          Defendants.

Case No. 26-CV-177-JPS

**ORDER**

---

Plaintiff Derron Darnell Love, an inmate confined at Waupun Correctional Institute, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 15, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $15.65. ECF No. 7. Plaintiff paid that fee on May 15, 2026. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 3. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff names Defendants Andrew J. Tolle ("Tolle"), Cpt Kyle Tritt ("Tritt"), Melody Miller ("Miller"), Clayton Housler ("Housler"), Warden Mlodzik ("Mlodzik"), Kodjo Ahaingban ("Ahaingban"), Capt Bauzek ("Bauzek"), Sgt Potvik ("Potvik"), Nurse Brenda ("Brenda"), Katrina Maynik ("Maynik"), Jill Wenzel ("Wenzel"), Hsu Mang ("Mang"), Ms. Pitchford ("Pitchford"), Nurse Megan ("Megan"), Dr. Felix ("Felix"), Tonya Schetter ("Schetter"), CO Llamas ("Llamas"), CO Pesh ("Pesh"), and CO Vance ("Vance"). ECF No. 1 at 1. On June 21, 2024, Tolle used excessive force on Plaintiff by kneeing him at least four times. *Id.* at 2. Plaintiff begged Tolle to stop but he kept kneeing him. *Id.* Tritt was slamming Plaintiff's face on the ground at the same time. *Id.* Tritt knocked Plaintiff's chipped tooth out and hurt Plaintiff. *Id.* Housler, Miller, and other staff were bending Plaintiff's arm and causing him unnecessary pain. *Id.* at 2-3. Plaintiff was handcuffed behind his back the entire time. *Id.* at 3. After the incident, Brenda refused to give Plaintiff his prescribed medical ice. *Id.* Maynik and

Wenzel also refused to give Plaintiff proper medical attention after staff's assault on him. *Id.* They denied him his prescribed medical ice and any pain medication. *Id.*

On July 3, 2024, Ahaingban placed Plaintiff in his cell with shackles on his feet. *Id.* at 4. Plaintiff begged him to take them off. *Id.* Ahaingban refused and kept Plaintiff shackled in pain for hours. *Id.* Bauzek and Potvik came by Plaintiff's cell and also refused to take the shackles off. Ahaingban kept Plaintiff in shackles in retaliation for Plaintiff filing complaints against him. *Id.* Pitchford failed to protect Plaintiff by dismissing his inmate complaint and covering up for correctional staff. *Id.*

### 2.3 Analysis

The Court will allow Plaintiff to proceed on an excessive force claim against Tolle, Tritt, Miller, Housler, and Ahaingban. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Plaintiff alleges that these defendants used excessive force on Plaintiff by causing him unnecessary pain. Plaintiff alleges that Tolle kneed Plaintiff multiple times, that Tritt slammed his head to the ground, that Miller and Housler bent his arms back and caused unnecessary pain, and that Ahaingban purposefully put leg shackles on Plaintiff for hours and caused him pain. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on an Eighth Amendment claim against Tolle, Tritt, Miller, Housler, and Ahaingban for excessive force.

Second, the Court finds that Plaintiff may proceed against Brenda, Maynik, and Wenzel on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). Deliberate indifference requires "[s]omething more than negligence or even malpractice." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Brenda, Maynik and Wenzel. Plaintiff alleges that they failed to provide him his medically proscribed ice, pain medication, and other adequate medical treatment after the assault. At the

pleading stage, the Court finds that Plaintiff may proceed against Brenda, Maynik and Wenzel on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

Third, Plaintiff may proceed on a failure to intervene claim against Bauzek and Potvik. A prison official may be liable for the failure to intervene if he or she knew about a constitutional violation and had the ability to intervene but failed to do so "with deliberate or reckless disregard for the plaintiff's constitutional rights." *Koutnik v. Brown*, 351 F. Supp. 2d 871, 876 (W.D. Wis. 2004) (citing *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004)).

Plaintiff alleges that Bauzek and Potvik failed to intervene after Ahaingban refused to take the shackles off Plaintiff. At this early stage, Plaintiff alleges facts to infer that Bauzek and Potvik acted with deliberate indifference to Plaintiff's constitutional rights. As such, the Court will allow Plaintiff to proceed on a failure to intervene claim against Bauzek and Potvik.

Fourth, the Court finds that Plaintiff may proceed on a First Amendment retaliation claim against Ahaingban. To prevail on a retaliation claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that Ahaingban retaliated against him for filing an inmate grievance. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, Plaintiff alleges

Case 2:26-cv-00177-JPS    Filed 07/13/26    Page 6 of 11    Document 8

suffering deprivations—being placed in painful shackles for hours—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter). At the pleadings stage, the Court therefore finds these allegations sufficient to state a First Amendment retaliation claim against Ahaingban.

The Court does not find, however, that Plaintiff states a claim against any other defendants. For a prison official to be personally liable, he must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Pitchford's denial of Plaintiff's prisoner grievance does not show that she participated in the constitutional deprivation. Plaintiff does not include any factual allegations about how any of the other named defendants were personally involved in the constitutional violations. As such, the Court will dismiss the remaining defendants for the failure to state a claim against them.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment excessive force claim against Tolle, Tritt, Miller, Housler, and Ahaingban.

**Claim Two:** Eighth Amendment claim against Brenda, Maynik and Wenzel for their deliberate indifference to Plaintiff's serious medical needs.

**Claim Three:** Eighth Amendment failure to intervene claim against Bauzek and Potvik.

**Claim Four:** First Amendment retaliation claim against Ahaingban.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, he is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Mlodzik, Mang, Pitchford, Megan, Felix, Schetter, Llamas, Pesh, and Vance be and the same are hereby **DISMISSED** for the failure to state a claim against them.

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendant **Tolle,**

**Tritt, Miller, Housler, Ahaingban, Bauzek, Potvik, Brenda, Maynik, Wenzel;**

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why he intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $333.35 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of July, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.